# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK BRITZ, SR., #S16991,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01379-JPG |
| | ) |
| **STEVE LANGHURST** and | ) |
| **EFFINGHAM COUNTY SHERIFF'S** | ) |
| **OFFICE,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Derek Britz, an inmate in the Illinois Department of Corrections who is currently incarcerated in Illinois River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was denied medical care for kidney stones during his pretrial detention at Effingham County Jail ("Jail"). (Doc. 1, pp. 6-24). Due to a delay in his treatment caused by Medical Officer Steve Langhurst, Plaintiff suffered from crippling pain and complications that necessitated emergency surgery. (*Id*.). He blames this delay on Effingham County's policy of appointing a "medical officer," who is not a medical doctor licensed to practice medicine in the State of Illinois, to make important medical decisions on behalf of detainees. (*Id*.). Plaintiff seeks monetary relief. (*Id*. at pp. 11-12).

This matter is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The Complaint survives screening under this standard.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 6-13): Plaintiff suffered from a serious bout of kidney stones that required emergency surgery during his pretrial detention at Effingham County Jail in 2018. He began experiencing pain in his back near his kidneys on May 13, 2018. Plaintiff requested medical care, pain relievers, and hot showers daily to soothe the pain. Several members of the Jail's staff quickly alerted Medical Officer Langhurst to Plaintiff's complaints. (*Id*.).

Langhurst refused to see Plaintiff about his complaints until early June. At the initial appointment, the medical officer agreed to set up an appointment for Plaintiff with a doctor, but he failed to do so. Plaintiff soon began reporting bloody urine and unbearable pain to Jail staff members, and he begged for hospital treatment. (*Id*.).

Thirty days after Plaintiff's initial complaint, Langhurst finally took Plaintiff for a CT scan on June 13, 2018. The scan confirmed the presence of kidney stones, and Plaintiff underwent emergency surgery at an outside facility. He was scheduled for removal of a stent in late June. Plaintiff was also warned that failure to complete the procedure, as scheduled, could lead to complications, including infection, bleeding, stent calcification, and kidney damage. (*Id*. at p. 8).

When Plaintiff notified Langhurst about the procedure, the medical officer cancelled it despite these warnings. As a result of this delay, Plaintiff suffered further complications when he finally completed the procedure on July 24, 2018. Plaintiff claims that Langhurst violated his constitutional right to receive medical care. He also challenges Effingham County Sheriff Office's policy of assigning important medical decisions to a medical officer, who is not a doctor licensed to practice medicine in the State of Illinois. (*Id*.).

Based on the allegations summarized herein, the Court designates the following counts in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment due process claim against Langhurst for the inadequate treatment of Plaintiff's kidney stones during his pretrial detention at Effingham County Jail in May, June, and July 2018.

**Count 2:** Fourteenth Amendment due process claim against Effingham County Sheriff's Office for its policy of designating an unqualified medical officer as the person in charge of medical decisions for detainees at the Jail.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## Discussion

The Fourteenth Amendment Due Process Clause governs Plaintiff's claims because they arose during his pretrial detention at the Jail. *See Miranda v. County of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018); *Kingsley v. Hendrickson*, -- U.S. --, 135 S.Ct. 2466, 2472 (2015). A detainee bringing a medical claim under the due process clause must demonstrate that each defendant acted purposefully, knowingly, or recklessly and that the defendant's conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353-54; *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). The allegations support a Fourteenth Amendment claim in Count 1 against Medical Officer Langhurst, who delayed Plaintiff's diagnosis and treatment for kidney stones at least thirty days on two separate occasions in May, June, and July 2018.

In order to obtain relief against Effingham *County*, the plaintiff must allege that an official policy, custom, or practice caused the constitutional deprivation. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 69-91 (1978); *see also Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). Plaintiff blames his delay in treatment on the County's decision to appoint an unqualified "medical officer" to make all medical decisions for detainees at the Jail. Although the

Effingham County *Sheriff's Office* is not a suable entity under Section 1983, the Court will direct the Clerk of Court to substitute Effingham *County* in its place in Count 2. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnick*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). Count 2 survives review against the County.

## Disposition

The Clerk of Court is **DIRECTED** to **SUBSTITUTE** Defendant **EFFINGHAM COUNTY** in place of Defendant **EFFINGHAM COUNTY SHERIFF'S OFFICE** in CM/ECF. **Because this case arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **STEVE LANGHURST**, and **COUNT 2** will proceed against Defendant **EFFINGHAM COUNTY**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **LANGHURST** and **EFFINGHAM COUNTY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/9/2020**

                                                      s/J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

**IT IS SO ORDERED.**

**DATED:** Click here to enter a date.

_____
**J. PHIL GILBERT
United States District Judge**