IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEREK BRITZ, Sr.,                          )
                                           )
          Plaintiff,                       )
                                           )
vs.                                        )          Case No. 19-cv-01379-JPG
                                           )
EFFINGHMAN COUNTY SHERIFF'S                )
DEPARTMENT and                             )
STEVE LANGHORST,                           )
                                           )
          Defendants.                      )

ORDER DISMISSING CASE

**GILBERT, District Judge:**

This case has been pending since December 19, 2019.  (Doc. 1).  For almost two years, the Court has heard nothing from Plaintiff Derek Britz, Sr.  By all indications, Britz has abandoned his claims.  For the reasons set forth below, this action shall be **DISMISSED with prejudice**.

BACKGROUND

Plaintiff Derek Britz filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on December 19, 2019.  (Doc. 1).  In the Complaint, Britz alleged violations of his constitutional rights at Effingham County Jail, when Medical Officer Steve Langhorst allegedly delayed Britz's treatment for kidney stones during his pretrial detention and caused him to suffer from crippling pain and complications that necessitated emergency surgery.  (Doc. 1, pp. 6-24).  He blamed the treatment delay on Effingham County Sheriff Department's policy of appointing a "medical officer," who is not a medical doctor licensed to practice medicine in the State of Illinois, to make important decisions about inmate medical care.  (*Id*.).

Following screening of this matter under 28 U.S.C. § 1915A, Britz was allowed to proceed with two Fourteenth Amendment due process claims.  Count 1 survived screening against

1

Langhorst for delaying treatment for Britz's kidney stones during his pretrial detention at Effingham County Jail in May, June, and July 2018.  Count 2 survived screening against Effingham County Sheriff's Department for its policy of designating an unqualified medical officer as the person responsible for decisions about inmate medical care.  (*See* Doc. 10).

On November 22, 2021, Defendants Effingham County Sheriff's Department and Steve Langhorst filed a motion for summary judgment seeking dismissal of all claims on the merits. (Doc. 35).  Britz did not file a response in opposition to the motion by the deadline for doing so. This was despite the Court's entry of a Rule 56 Notice (Doc. 37) warning him that the proposed findings of fact would be deemed admitted and the motion possibly granted, if he did not respond. The response deadline expired on December 22, 2021, and Britz did not communicate with the Court about this matter.

On February 3, 2022, Court entered the following Order to Show Cause:

ORDER TO SHOW CAUSE: Plaintiff failed to file a response in opposition to the [35] Motion for Summary Judgment of Defendants Effingham County Sheriff's Department and Steve Langhorst by the deadline of December 22, 2021. He also failed to request an extension of this deadline before it expired or at any time since. This was despite a [37] Rule 56 Notice entered November 29, 2021, that warned Plaintiff of the consequences of failing to respond to the pending motion. As stated in the Rule 56 Notice, the Court may consider any uncontested factual assertion undisputed for purposes of the motion and also grant summary judgment if the materials on file show that the moving party is entitled to it. See Fed. R. Civ. P. 56(e)(2)-(3). Moreover, Local Rule 7.1(c) provides that the Court may, in its discretion, construe a party's failure to file a timely response to a motion for summary judgment as an admission of the merits of the motion. SDIL-LR 7.1(c). The Court hereby ORDERS Plaintiff to SHOW CAUSE on or before February 17, 2022, why the Court should not construe his failure to timely respond to the pending summary judgment motion as a decision not to contest the facts presented in the motion and/or an admission of the merits of the motion and grant summary judgment for the defendants. **Plaintiff is WARNED that failure to either file a response to this Order to Show Cause or file a response to the pending motions for summary judgment by this deadline shall result in dismissal of this action for failure to comply with a court order, for lack of prosecution under Fed. R. Civ. P. 41(b), and pursuant to the Courts inherent authority to manage its docket. See *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).**

(Doc. 41) (emphasis added).

Britz did not respond to the show cause order by the deadline of February 17, 2022. Almost six months have passed since the final deadline expired. To date, the Court has received no response to the pending summary judgment motion and no response to the show cause order. The Court has heard nothing from Britz since November 24, 2020. (*See* Docs. 26).

Given all of this, the Court finds that Britz has failed to prosecute his claims. He has also failed to comply with the court's show cause order (Doc. 41). He has not responded to the pending motion for summary judgment on the merits, and he has not communicated with the Court for almost two years. Accordingly, this action shall be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

### Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Britz's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). All pending motions (Doc. 35) are **TERMINATED**. This dismissal does <u>not</u> count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/12/2022**                    s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**

3